## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JOSH MARTINEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-cv-1271 |
| RICK BEACH, | ) ) ) |
| Defendant. | ) ) |

## **O P I N I O N and O R D E R**

Before the Court is the Motion for Attorney Fees filed by Defendant, Rick Beach, on June 4, 2009 [Doc. 24]. The Motion is GRANTED.

### BACKGROUND

Plaintiff, who was originally represented by counsel, filed suit on October 10, 2008 alleging that Defendant, Eric Beach[1], a police officer, used excessive force and falsely arrested him in violation of the Fourth Amendment [Doc. 1]. Specifically, Plaintiff alleged that while he was at a residence in Depue, Illinois, on July 29, 2007, Defendant, after arguing with Plaintiff, grabbed his neck and threw him to the ground. Plaintiff claims that Defendant had no cause or provocation for his action. Defendant then left the area and, the next day, arrested Plaintiff "in order to cover up any use of excessive force."

On December 4, 2008, Defendant filed a Motion to Dismiss [Doc. 9] arguing first that no seizure occurred that would implicate the Fourth Amendment; and,

---

[1] Defendant notes that Plaintiff erroneously listed his name as Rick Beach in the Complaint.

second, that Plaintiff pled guilty to the charges for which he claimed he was falsely arrested. To support these arguments Defendant attached a "Non-Traffic Complaint and Notice to Appear" charging Plaintiff with obstructing a peace office, a plea agreement in which Plaintiff pled guilty to "Resisting/Obstructing Peace Office," and a Sentencing Order which fined Plaintiff $200.00. Plaintiff sought his first extension of time to respond on December 22, 2008 [Doc. 10], stating that Plaintiff's attorney were having difficulty communicating with him. Plaintiff sought a second extension of time to respond on January 5, 2009 [Doc. 12], again indicating that Plaintiff was not communicating with his attorneys. In light of this failure of communication, Plaintiff's attorneys sought to withdraw from the case on January 15, 2009 [Doc. 14].

A hearing was held on February 17, 2009 before Magistrate Judge John A. Gorman. Judge Gorman granted the Motion to Withdraw and noted that even though Plaintiff received notice of the Motion and the hearing, he failed to appear. Plaintiff was then ordered to indicate whether he was going to represent himself or whether he would retain other counsel. Plaintiff failed to do either by the deadline and Defendant filed a second Motion to Dismiss for lack of Prosecution. On May 22, 2009, this Court dismissed this action, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution.

Defendant now seeks attorney fees as a prevailing party. Plaintiff has failed to respond to the Motion.

## DISCUSSION

Litigation in the United States is subject to the general rule that parties are required to bear the cost of their own attorney fees. Key Tronic Corp. v. United States, 511 U.S. 809, 814-815 (1994) (the "American Rule"). However, title 42 U.S.C. § 1988(b) provides that in an action to enforce the civil rights statutes, including § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." See Zessar v. Keith, 536 F.3d 788, 795 (7th Cir. 2008). A "prevailing party" is one that has received judgment on the merits or some other judicially sanctioned relief that changes the legal relationship of the parties. Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598, 603-604 (2001). Defendants seeking fees pursuant to § 1988 "have a much harder row to hoe than do prevailing plaintiffs" and must show that "the Plaintiff's action was frivolous, unreasonable, or groundless." Roger Whitmore's Automotive Services, Inc. v. Lake County, Illinois, 424 F.3d 659,675 (7th Cir. 2005).

A Rule 41(b) dismissal is an adjudication on the merits and renders Defendant a prevailing party in this litigation. Defendant argues that Plaintiff's claims are without foundation because Plaintiff's claims of excessive force and false arrest are belied by his guilty plea for resisting/obstructing a police officer arising out of the same events as the Complaint. In making his argument, Defendant refers to his Motion to Dismiss filed on December 4, 2008 [Doc. 9].

As indicated above, in Count 1 of his Complaint Plaintiff alleged that Defendant used excessive force when he grabbed him by the neck and threw him to

the ground.  Plaintiff further alleges that Defendant then left the scene and did not return until the next day.  It is axiomatic that a Fourth Amendment claim of excessive force requires some sort of seizure: the Amendment does not protect against the use of force, excessive or otherwise, but rather protects against unreasonable seizures.  <u>Marion v. City of Corydon, Indiana</u>, 559 F.3d 700, 705 (7th Cir. 2009) ("We use the Fourth Amendment, which prohibits unreasonable seizures, to analyze claims that law enforcement officers used excessive force.").  The Complaint does not allege a seizure at the time of the use of force; rather the seizure occurred "a day or so later" when Plaintiff was arrested.  If the Complaint is credited, merely attacking Plaintiff and then leaving the scene may create a claim for battery; however, there is no indication that Plaintiff was seized at the time of the attack.  Such a claim does not implicate the Fourth Amendment.  <u>Id.</u> ("Pre-seizure police conduct cannot serve as a basis for liability under the Fourth Amendment . . ."); <u>See also</u> <u>Carter v. Buscher</u>, 973 F.2d 1328, 1332 (7th Cir. 1992) ("The Fourth Amendment prohibits unreasonable *seizures* not unreasonable, unjustified or outrageous conduct in general.").  Therefore, Count I has not basis in law and is wholly groundless.

In Count II, Plaintiff alleges that he was falsely arrested in order to cover up the alleged excessive force.  In order to prevail on this claim, Plaintiff must show that there was no probable cause for his arrest.  <u>Gonzalez v. Cit of Elgin</u>, 578 F.3d 526, 538 (7th Cir. 2009).  Defendant briefly argues that because Plaintiff pled guilty to resisting arrest, disorderly conduct, and domestic battery, his claim for false arrest has no foundation.  The mere fact of a conviction, however, does not

automatically undermine a false arrest claim.  See Booker v. Ward, 94 F.3d 1052, 1056 (7th Cir. 1996) (stating that "a wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction"); See also Reynolds v. Jamison, 488 F.3d 756, 766-767 (7th Cir. 2007).  Plaintiff's guilty plea and claim that he was arrested without probable cause are not inconsistent.  Without additional information about the arrest and conviction, then, it would seem that this Court cannot conclude that this claim is frivolous or without a basis in fact or law.

Despite this conclusion, Defendants are entitled to the entirety of the fees they request.  Plaintiff unnecessarily multiplied these proceedings by failing to withdraw his claims when it became clear that he was no longer willing to pursue them.  Such an affirmative action would have necessarily prevented the continuation of this case and the concomitant attorney fees.  See Carr v. Tillery, ___ F.3d ___, 2010 WL 924487,*8  (7th Cir. 2010)  (recognizing the Court's inherent power to sanction parties for misconduct); See also Chambers v. NASCO, Inc., 501 U.S. 32 (1991).   In addition, while the affidavit and attached time/cost sheets do not parse time spent in this matter per Count, it seems clear that Defendant would have spent practically the same amount of time preparing and filing papers whether or not Count II was present in this lawsuit. Both Count I and II are factually related, involve the same parties, and cover the same time period.  While the claims are legally distinct, the distinction does not render Defendant's fee

request unreasonable. Accordingly, this Court finds that Defendant's entire fee request is reasonable and awards the same.

## CONCLUSION

For the foregoing reasons, the Motion for Attorney Fees filed by Defendant on June 4, 2009 [Doc. 24] is GRANTED. Defendant is awarded $6,175.00 in attorney fees and costs payable to John P. Fleming of Fleming & Umland. The Clerk is directed to amend the judgment accordingly.

Entered this <u>10th</u> day of February, 2010

s/ Joe B. McDade<br>
JOE BILLY MCDADE<br>
United States District Judge